## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE COMPLAINT          CIVIL ACTION
OF COASTAL MARINE CONTRACTORS, LLC
as owner of the L/B EXPLORER FOR             NO.  12-2522
EXONERATION FROM OR LIMITATION OF
LIABILITY                                      SECTION "K"(1)

## ORDER AND REASONS

Before the Court is Claimant, Joshua Guste's Motion for Summary Judgment (Doc.  14) seeking the dismissal of the Complaint for Exoneration From, or Alternatively Limitation of Liability ("the Limitation") filed by Coastal Marine Contractors, LLC ("Coastal").  Joshua Guste (Guste) maintains that Coastal failed to petition for limitation within the six month jurisdictional period after he had provided written notice of his claim to Coastal as required under 46 U.S.C. § 30511(a).  He also seeks judgment that the Court has no admiralty jurisdiction over the matter. Having reviewed the pleadings, memoranda, exhibits and the relevant law, the Court determines that there is no admiralty jurisdiction and as such, this matter must be dismissed.

### Background

As alleged in the Limitation, Coastal was the owner and operator of the L/B EXPLORER, a self-elevating boat.  (Complaint, ¶ 2).  On July 5, 2011, Joshua Guste, who had previously been assigned to the EXPLORER, a Coastal employee, was assigned to work with a yard crew to empty a warehouse.[1]  (Complaint, ¶ 3).  Guste was injured when a light fixture fell and struck him in the head.  While Coastal "questions whether Guste qualifies as a seaman at the time of the incident", Gust filed suit against Coastal on May 19, 2012 in the Civil District Court

---

[1]In reality, the area was a cutoff building from a platform or a shed.  (Dep.  of Guste, Doc.  23-2, at 41- of 63.)

for Orleans Parish asserting a Jones Act and maintenance and cure claims.  (Complaint, ¶4).
Guste was not working aboard the EXPLORER at the time of the accident; however, in that
petition, Guste pleaded that he was a crew member aboard the EXPLORER and that his is
entitled to bring his claims in state court under the "savings to Suitors" clause of 28 U.S.C. §
1333.

Coastal then filed the subject limitation on October 16, 2012 invoking the admiralty and
maritime jurisdiction under 28 U.S.C. §1333 and the Limitation of Vessel Owner's Liability Act,
46 U.S.C. § 30501, *et seq*.  and the Jones Act, 46 U.S.C. §30104.  Guste filed his Answer Claim
and Counterclaim on November 21, 2012.  He maintained in that pleading that the Limitation
Act was inapplicable in this instance since the accident had no relationship to the EXPLORER.
Guste then filed the instant motion claiming the Limitation is time barred and that the Court
lacks admiralty jurisdiction as the tort and injury did not occur on navigable waters.


**Law and Analysis**

Regardless of whether a party raises the issue, a court may question its own jurisdiction.
*Boney v.  Cable One, Inc.*, 2006 WL 839518, *2 (S.D. Miss March 29, 2006) citing *Burks v.
Texas Co.,* 211 F.2d 443, 445 (5th Cir.  1954).  While the subject motion was filed as a Motion
for Summary Judgment, the Court will treat the motion pursuant to Fed. R. Civ. P. 12(b)(1) to
dismiss this case for lack of subject matter jurisdiction.  As stated in *Abdulaziz v.  Sam Houston
State University*, 2013 WL 1787779 (S.D. Tex.  2013) (Ellison, J.):

> Motions filed under Rule 12(b)(1) of the Federal Rules of Civil procedure
> allow a party to challenge the subject matter jurisdiction of the district court to
> hear a case. Red.  R.  Civ.  P.  12(b)(1).  Lack of subject matter jurisdiction may
> be found in any one of three instances: (1) the complaint alone; (2) the complaint

> supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

*Id.* at *2. "To determine whether it has subject matter jurisdiction, the Court is free to review matters outside of the complain such as affidavits and documents." *In the Matter of the Complaint of Luhr Bros., Inc.*, 100 F.Supp.2d 1156 (E.D. Missouri 2000), citing *Osborn v. United States,* 918 F.2d 724, 729-31 (8th Cir. 1990). Unlike a decision based on a Rule 12(b)(6) motion, a court's review of information of a complaint does not convert a Rule 12(b)(1) motion into a Rule 56 motion for summary judgment. *Id.*

### Admiralty Jurisdiction Requisites

"The Limitation of Liability Act does not confer jurisdiction upon federal courts. That must come from [a court's] admiralty jurisdiction under the U.S. CONST. art. III, § 2 and 28 U.S.C. § 1331(1). Suits lacking any relationship to either navigable waters or traditional maritime activity are without admiralty jurisdiction." *Guillory v. Outboard Motor Corp.*, 956 F.2d 114 (5th Cir. 1992).

For the invocation of admiralty jurisdiction, the law requires that the event's facts "'bear a significant relationship to traditional maritime activity' to come within the court's admiralty jurisdiction. *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 268 (1972)." *In re the Complaint of Nolty J. Theriot, Inc.*, 841 F. Supp. 209, 210 (S.D. Tex. 1994). "A party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort claim must satisfy conditions both of location and connection with maritime activity." *Jerome B.*

*Grubart, Inc. v. Great Lakes Dredge & Dock*, 513 U.S.  527, 534 (1995) (applying the test for determining admiralty jurisdiction as clarified in *Sisson v. Ruby*, 497 U.S. 358 (1990)).  As to the **location** prong,  a court "must determine whether the tort occurred on **navigable water** or whether injury suffered on land was caused by a vessel on **navigable water.**"  *Id.*  at 534 (emphasis added).

> The **connection** prong raises two issues:

> A court, first, must "assess the general features of the type of incident involved," 497 U.S., at 363, 110 S.Ct., at 2896, to determine whether the incident has "a potentially disruptive impact on maritime commerce," *id.,* at 364, n. 2, 110 S.Ct., at 2896, n. 2. Second, a court must determine whether "the general character" of the "activity giving rise to the incident" shows a "substantial relationship to traditional maritime activity." *Id.,* at 365, 364, and n. 2, 110 S.Ct., at 2897, 2896, and n. 2.

*Grubart, 513* U.S. at 1534.

In the case at bar, clearly the location of the accident was neither on navigable water nor was the incident on land caused by a vessel on navigable water.  As noted, the Limitation pleading specifically states that Guste was assigned to work in Coastal's land based  yard where he was removing valves and other equipment from a shed.  (Doc.  28-2, Dep.  of Guste page 41 of 63).  The injury was caused when a forklift hit and dislodged a light fixture which struck Guste on the head.

Likewise, there is no nexus to maritime commerce present with respect to this incident. Guste being hit in the head by a light falling in a shed on land can have no potentially disruptive impact on maritime commercial activity and does not have a substantial relationship to traditional maritime activity.

The Court would note that Coastal also relied on the Jones Act as a basis for jurisdiction. While the Jones Act is an independent basis for federal admiralty jurisdiction, it does not necessarily compel federal jurisdiction.  Here, Guste chose to file his claim in state court rather than in the federal court, and the law allows the state-court jurisdiction under the Jones Act parallel to this court's.  The only claim originally brought before this court is under the Limitation of Liability Act, and it does not provide an independent ground of admiralty jurisdiction.  *Theriot*, 841 F.Supp.  at 211.  The issue of whether Guste is a Jones Act seaman must be addressed in the context of that proceeding and has no bearing on this decision.

Thus, the Court finds that it lacks subject matter jurisdiction over this matter, and as such the Lmitation must be dismissed.  Accordingly, finding that this Court lacks subject matter jurisdiction,

**IT IS ORDERED** that Joshua Guste's Motion for Summary Judgment is **GRANTED** to the extent that the Court has treated it as a Motion to Dismiss under Rule 12(b)(1) and  judgment shall be entered dismissing this matter for lack of subject matter jurisdiction.

New Orleans, Louisiana, this 17th day of June, 2012.

_____

**STANWOOD R.  DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**

5